UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MISBAH JOY JOSEPH,
                Plaintiff,
    v.
AXA EQUITABLE LIFE INSURANCE COMPANY
                Defendant.

Civ. No. 2:18-cv-03839-KSH-CLW

**REPORT & RECOMMENDATION**

**WALDOR, Magistrate Judge,**

This matter comes before the Court by way of referral from the Honorable Kathrine Hayden to issue a report and recommendation regarding Defendant's, AXA Equitable Life Insurance ("AXA") request to transfer this case to the Southern District of New York. (*See* Brief, ECF No. 8.) This motion was filed on July 12, 2018. Plaintiff, Misbah Joy Joseph ("Joseph"), opposed this motion on July 23, 2018. (Opposition Brief (henceforth "Opp. Brief"), ECF No. 11.) Pursuant to Federal Rule of Civil Procedure 78, the Court declined to hear oral argument. For the reasons set forth more fully below, the Court recommends that AXA's Motion to Transfer be GRANTED.

**I.    Background**

Plaintiff, Joseph, filed this Complaint against her former employer, AXA, in the District of New Jersey on March 20, 2018. (*See* Complaint, ECF No. 1.) Joseph was hired by AXA as the company's United States Head of Training in 2012 and was promoted to the Head of Culture, Engagement, Employer Branding, and the Chief Diversity Officer in July of 2017. (Complaint, at 3.)

Joseph alleges that she was terminated by AXA in December of 2017 because of her decision to adopt a child and elect leave under the company's paid parental leave policy, which would have allowed for sixteen weeks of paid time off following the adoption. (Complaint, at 5.)

1

Joseph has brought claims under the Family and Medical Leave Act ("FMLA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). (Complaint, at 6-11.) Joseph has also brought common law claims for breach of contract, breach of implied covenant of good faith, intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and civil conspiracy. (Complaint, at 13-16.)

Defendant AXA moved to transfer this case to the Southern District of New York, arguing that venue is not proper in the District of New Jersey. (Brief, at 4.) According to Defendant, transferring the case to the Southern District of New York would be best for the convenience of the parties and in the interest of justice. (Brief, at 9.) Plaintiff Joseph opposed AXA's motion to transfer, claiming that venue is both proper and most appropriate in the District of New Jersey. (Opp. Brief, at 5 and 11.)

### A. Defendant's Arguments

Defendant maintains that venue is improper in New Jersey under 28 U.S.C. 1391(b) because the court does not have personal jurisdiction over AXA. (Brief, at 6.) Personal jurisdiction depends on a determination of residency and according to Defendant, AXA does not reside in New Jersey under 28 U.S.C. 1391(b)(1). (Brief, at 7.) Defendant argues that the New Jersey Court does not have general jurisdiction over AXA because AXA is headquartered in and has its principal place of business in New York. (Brief, at 7.) AXA also contends that the New Jersey Court does not have specific jurisdiction over AXA because there is no connection between New Jersey and the alleged events about which Plaintiff complains. (Brief, at 7.)

Defendant further argues that venue is improper under 28 U.S.C. 1391(b)(2) because the alleged events about which Plaintiff complains occurred in New York, not in New Jersey. (Brief, at 7.) Plaintiff's claims do not arise out of any contacts by AXA with New Jersey and virtually all

of the alleged events upon which Plaintiff bases her claim occurred in New York, as did the decisions regarding her termination from AXA. (Brief, at 8.)

According to defendant, consideration of the private and public interest factors demonstrate that the Southern District of New York is the appropriate venue under 28 U.S.C. 1404(a). (Brief, at 9.) Defendant maintains that consideration of the private interest factors include that New York is AXA's preferred venue and where a substantial part of the alleged events occurred. (Brief, at 11.) The Southern District of New York is convenient for the parties given that New York is the location of AXA's headquarters, and where Plaintiff travelled for three years. (Brief, at 12.) Further, New York would be a more convenient location than New Jersey in terms of court appearances, discovery and trial. (Brief, at 12.) AXA believes New York is more convenient for the witnesses because all of the expected non-party witnesses are employed by AXA and work primarily at the company's New York office or are regularly there as part of their normal course of business. (Brief, at 12.)

Defendant further proposes that the public interest factors demonstrate that the Southern District of New York is the proper venue, because New York has a greater interest in deciding the controversy. (Brief, at 13.) Plaintiff has asserted claims under New York State and New York City statutes and therefore the New York courts have a stronger interest in resolving Plaintiff's claims than the New Jersey Courts. (Brief, at 13.)

### B. Plaintiff's Arguments

Alternatively, Plaintiff believes venue is proper in New Jersey under 28 U.S.C. 1391(b). (Opp. Brief, ECF No. 11.) Plaintiff argues that the District of New Jersey maintains personal jurisdiction over AXA under 28 U.S.C. 1391(b)(1) because AXA purposefully availed itself of a New Jersey forum by hiring a New Jersey resident as an employee who worked out of their New

3

Jersey office for a substantial period of time. (Opp. Brief, at 8.) Further, Plaintiff maintains that venue is proper under 28 U.S.C. 1391(b)(2) because AXA's decision to terminate her was based on business related reasons that relied on her overall work performance and employment history—much of which was rooted in her employment while in AXA's New Jersey office. (Opp. Brief, at 10.)

According to Plaintiff, consideration of the private and public interest factors demonstrate that New Jersey, not New York, is the appropriate venue under 28 U.S.C. 1404(a). (Opp. Brief, at 11.) Plaintiff notes that the burden of establishing the need for transfer rests with the movant, in this case AXA. (Opp. Brief, at 11.) Joseph asserts that New Jersey has a greater interest in deciding the case because Plaintiff is a New Jersey resident, and Defendant is a New Jersey resident based on its New Jersey operations and New Jersey office. (Opp. Brief, at 13.)

## II.   Discussion

Defendant AXA moves to transfer this case to the Southern District of New York pursuant to 28 U.S.C. 1391(b) and 28 U.S.C. 1404(a). (*See* Brief, ECF No. 8.) This Court finds that venue properly lies within the District of New Jersey under 28 U.S.C. 1391(b), but nevertheless that this case should be transferred to the Southern District of New York in light of the convenience of the parties and the interest of justice, under 28 U.S.C. 1404(a).

### A.  28 U.S.C. 1391(b)

Under 28 U.S.C. 1391(b), venue is proper in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought, any judicial district where defendant is subject to the court's personal jurisdiction with respect to such action."

Pursuant to 28 U.S.C. 1391(b)(1) venue is proper in the District of New Jersey because AXA "resides" in the District of New Jersey.  Under 28 U.S.C. 1391(c)(2), "an entity with the capacity to sue and be sued in its common name under applicable law, shall be deemed to reside in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  Therefore, in determining residency, the Court must determine if personal jurisdiction over the defendant exists. *Grynberg v. Goldman Sachs Group, Inc.*, 2013 U.S. Dist. LEXIS 40608, *7 (D.N.J. March 22, 2013).  To determine whether personal jurisdiction over a defendant exists, Courts have looked to whether a party has purposefully availed itself of the privilege of conducting business in the forum State.

A company can be said to have purposely availed itself of a jurisdiction where it has its principal place of business.  But in cases where a company is summoned to a location that is not its principal place of business, "an 'estimate of the inconveniences' which would result to the corporation from a trial away from its 'home' or principal place of business is relevant."  It is 'reasonable' to subject a company "to suit in a State where it is doing business." *International Shoe Co. v. Washington,* 326 U.S. 317, 324 (1945).

In *Burger King v. Rudzewicz*, 105 U.S. 476 (1985), the Supreme Court held that "where the defendant "deliberately" engaged in significant activities within a State, the party has purposely availed itself of the forum state.  Because the party has manifestly availed itself of the privilege of conducting business, and because his activities are shielded by "the benefits and protections" of the forum's laws, it is presumptively "not unreasonable to require him to submit to the burdens of litigation in that forum."

5

Here, while AXA is a New York company with a principal place of business in New York, AXA's business is not solely limited to New York operations. (Complaint, at 1.) AXA maintains a New Jersey office in Jersey City for which it could expect to be called to appear in a New Jersey Court based on its business activities. (Opp. Brief, at 8.) Further, AXA specifically availed itself of the New Jersey forum in the instant matter by hiring a New Jersey resident as an employee, who then worked in the New Jersey office for a period of time. (Opp. Brief, at 8.) Accordingly, this Court finds that Defendant AXA has purposefully availed itself of a New Jersey forum, and thus that venue is proper in the District of New Jersey.

### B. 28 U.S.C. 1404(a)

Under 28 USC § 1404(a) a court "may transfer any civil action to any other district where it might have been brought" if transfer serves the "the convenience of the parties and witnesses" and "the interest of justice." 28 USC § 1404(a). "The purpose of § 1404(a) is to avoid the waste of time, energy and money and . . . to safeguard litigants, witnesses, and the public against avoidable inconvenience and expense." *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 497 (D.N.J. 1998).

However, motions to transfer are not "liberally granted." *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970) (quoting *Handlos v. Litton Indus., Inc.*, 304 F. Supp. 347, 352 (E.D. Wis. 1969)). The party seeking transfer bears the burden to establish that the transfer is appropriate and that the alternate forum is more convenient than the present forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Ultimately, the decision of whether to transfer a case is left to the court's discretion. *Prudential Ins. Co. of Am. v. Brimberry*, 2013 WL 5340378, at *2 (D.N.J. Sept. 23, 2013) (citations omitted). `

In addition to the three enumerated factors in § 1404(a), the Third Circuit has indicated other factors that can be considered. *Jumara*, 55 F.3d at 879. Accordingly, to determine whether transfer is appropriate, the Court may examine private interests such as: 1) the plaintiff's forum preference; 2) the defendant's forum preference; 3) whether the claim arose elsewhere; 4) the convenience of the parties; 5) the convenience of the witnesses; and 6) the location of books and records. *Id.* (citations omitted).

Further, the Court may consider public interest factors such as: 1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious, or inexpensive; 3) the relative administrative difficulty in the two fora from court congestion; 4) the local interest in deciding controversies at home; 5) the public policies of the fora; and 6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80 (citations omitted). This Court finds that both the public and private interest factors weigh in favor of transferring the case to the Southern District of New York.

The private interest factors contested between the parties are (1) the deference that should be given to the plaintiff's forum preference; (2) the weight that should be assigned to the Defendant's forum preference; (3) whether the claims arose in New York or in New Jersey; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the location of books and records. The public interest factors contested between the parties include (1) the local interest in deciding controversies at home and (2) the public policies of the fora.

### i.  **Private Interest Factors**

With regard to the plaintiff's forum preference, this Court finds that Plaintiff's choice of forum is not entitled to deference. In *Ortiz v. Std. & Poors*, 2010 U.S. Dist. LEXIS 119420, *8 (D.N.J. Nov. 10, 2010), the court held that resolution "would be most meaningful and salutary in

the community in which the[se] unlawful acts were allegedly perpetrated, in which the alleged perpetrator maintains a workforce, and in which the alleged victim was employed." Accordingly, the court did not defer to the Plaintiff's choice of forum. *See also Peiken v. Kimmel & Silverman, P.C.*, 576 F. Supp.2d 654, 661 (D.N.J. 2008) (finding that resolution of employment discrimination claims would be "most meaningful and salutary in the community" where the unlawful acts allegedly occurred). In the present case, Plaintiff has selected New Jersey as its preferred venue, but New Jersey has no connection to the allegations underlying Plaintiff's claims. Rather, Plaintiff's Complaint is based in activities which occurred while she worked exclusively in AXA's New York office. Consequently, Plaintiff's choice of the New Jersey venue is not entitled to deference.

With respect to the Defendant's preferred venue and the location in which the claims in this case arose, this Court finds that AXA's preference for the Southern District of New York, when combined with evidence that a substantial part of the alleged events occurred in New York, weighs in favor of transferring this case to the Southern District of New York. In *Santi v Nat'l Bus. Records Mgt.*, the Plaintiff was employed in Pennsylvania, but filed his discrimination Complaint in the State of New Jersey based on his residence. The Court transferred venue to Pennsylvania, where the Plaintiff was employed and where the alleged acts of discrimination occurred. *Santi v. Nat'l Bus. Records Mgt., LLC*, 772 F. Supp.2d 602, 607 (D.N.J. 2010).

Similarly, here, Plaintiff's discussions with her superiors with regard to adoption and the decision to terminate her employment took place while Plaintiff was employed in AXA's New York office, and involved personnel employed within AXA's New York office. (Brief, at 8.) Accordingly, New York is where a substantial part of the alleged events occurred, weighing in favor of transferring this case to the Southern District of New York.

With regard to the convenience of the parties and witnesses, this Court finds that the Southern District of New York is a more convenient location than the District of New Jersey. Plaintiff's argument that Newark and New York City are only fifteen miles apart does not justify a need to retain venue in New Jersey. (*See Tela Bio v. Fed. Ins.*, 2016 U.S. Dist. LEXIS 147411, *12 (D.N.J. Oct. 15, 2016) (transferring venue to Pennsylvania for the convenience of the parties and witnesses even though the two venues were geographically close). Moreover, the closeness of the two venues is outweighed by the fact that New York is the location of AXA's headquarters, corresponding books and records, and where most of the witnesses reside and work. (Brief, at 12.) Lastly, all of the expected non-party witnesses are employed by AXA and work out of the company's New York office. (Brief, at 12.) Consequently, New York is the more convenient location in this matter, weighing in favor of transferring this case to the Southern District of New York.

        **ii.**      **Public Interest Factors**

The local interest in deciding controversies at home weighs in favor of transferring this case to the Southern District of New York. Here, Plaintiff worked in the New York office and has asserted claims under New York State and New York City Statutes. (Brief, at 8.) Claims brought pursuant to the NYSHRL and NYCHRL require that all acts of discrimination and retaliation occurred in or had an impact in New York. (Brief, at 8.) Accordingly, a New York court has a stronger policy interest in resolving Plaintiff's claims than a New Jersey court, further weighing in favor of transferring this case to the Southern District of New York.

With regard to the public policies of the fora, it is New York's public policy that is relevant to Plaintiff's claims that she was discriminated against in New York. (Brief, at 14.) Further, it is New York law that applies to those claims. (Brief, at 14.) While this Court can apply New York

law, the fact that New York law and policy apply to this claim further suggests that this case should be transferred to the Southern District of New York. Accordingly, in light of both the public and private interest factors, this Court finds that that the case should be transferred to the Southern District of New York for the convenience of the parties and in the interest of justice.

### III.  Conclusion

This Court finds that venue properly lies within the District of New Jersey under 28 U.S.C. 1391(b), but that this case should be transferred to the Southern District of New York in light of the convenience of the parties and the interest of justice, under 28 U.S.C. 1404(a). For the foregoing reasons, this Court recommends that the District Judge grant Defendant's Motion to Transfer this case to the Southern District of New York and that ECF No. 8 be terminated accordingly.

The parties shall have 14 days to file and serve objections to this report and recommendation pursuant to Local Rule 72.1(c)(2) from the date this report is filed with the Clerk of the Court.

**SO ORDERED**

Dated:    September 12, 2018

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**